IN THE COURT OF APPEALS OF TENNESSEE

EASTERN SECTION

FILED

October 4, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RICHARD D. PHILLIPS | ) | HAMILTON COUNTY |
| | ) | 03A01-9512-CH-00441 |
| Plaintiff-Appellant | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | HON. HOWELL N. PEOPLES, |
| | ) | CHANCELLOR |
| INTERSTATE HOTELS CORPORATION | ) | |
| #L07 and INTERSTATE HOTELS | ) | |
| CORPORATION #L07, d/b/a | ) | |
| CHATTANOOGA MARRIOTT and | ) | |
| KICKS LOUNGE | ) | |
| | ) | |
| Defendants-Appellees | ) | AFFIRMED AND REMANDED |


ANITA B. HARDEMAN OF CHATTANOOGA FOR APPELLANT

KARL M. TERRELL and CHRISTOPHER TERRELL OF ATLANTA, GEORGIA, FOR APPELLEE


O P I N I O N


Goddard, P.J.


In this case, the Plaintiff, Richard D. Phillips, sues Interstate Hotels Corporation and Interstate Hotels Corporation #L07, d/b/a Chattanooga Marriott and Kicks Lounge, seeking

damages by reason of the Defendants violating his civil rights under the provisions of T.C.A. 4-21-301(2).

The Trial Court entered a summary judgment in favor of the Defendants and the Plaintiff appeals, raising the following three issues:

I. WHETHER THE LOWER COURT ERRED IN FINDING THAT IT IS NOT AGAINST THE LAW FOR A PLACE OF PUBLIC ACCOMMODATION TO FORCE AN EMPLOYEE TO BE A PART OF AN OVERALL PATTERN AND SCHEME OF DISCOURAGING BLACK PATRONAGE.

II. WHETHER THE LOWER COURT ERRED IN FAILING TO RECOGNIZE THAT THE PRECLUSIONS OF TENN. CODE ANN. §4-21-501 ARE ACTS MADE DISCRIMINATORY BY CHAPTER 21 OF THE TENNESSEE HUMAN RIGHTS ACT.

III. WHETHER THE COURT ERRED IN DETERMINING, AS A MATTER OF LAW, THAT AN INDIVIDUAL'S BEING REQUIRED TO PARTICIPATE IN AN OVERALL SCHEME TO DISCRIMINATE AGAINST BLACK CUSTOMERS CANNOT BE SO INTOLERABLE AS TO FORCE A REASONABLE PERSON TO RESIGN HIS POSITION.

Prior to bringing this suit, the Plaintiff was an employee of World Wide Entertainment, an entity which contracted out its employees to perform entertainment related services. Through this employment, he was assigned as a disc jockey to the Kicks Lounge in the Marriott Hotel in Chattanooga. The Kicks Lounge and the Marriott are owned and operated by Interstate Corporation #L07, a Delaware corporation. The Plaintiff worked as Kicks' disc jockey from May 1991 until February 1992.

2

In February 1993, the Plaintiff brought suit against the Defendants, alleging constructive discharge and violations of the Tennessee Human Rights Act. The Plaintiff alleges that he was forced to participate in a plan to prevent black patrons from frequenting the bar. In his affidavit, the Plaintiff alleges that Bobby Johnson, manager of Kicks, instructed the Plaintiff to play music that would discourage black patrons from remaining in the bar. The Plaintiff further alleges that Mr. Johnson threw napkins with messages on them or shone a flashlight in the Plaintiff's eyes in order to force the Plaintiff to change the music selection. When the Plaintiff expressed his displeasure with Mr. Johnson's actions, the Plaintiff alleges he received the "cold shoulder" treatment.

The Plaintiff cites other incidents of alleged discrimination. He claims that black patrons were refused seating even though seating was available; that an "ad hoc" dress code was enforced on black patrons only; that Mr. Johnson would close the lounge early if the crowd were mainly black patrons; that Mr. Johnson refused to run bar tabs for black patrons; that a drink minimum was imposed on black customers; that Mr. Johnson removed a draft beer that was the most popular beer among black patrons and that a cover charge was imposed in order to discourage black patronage.

Because of these alleged incidents, the Plaintiff tendered his resignation. He gave Kicks one month's notice and

then stayed on as the disc jockey an extra seven to 10 days at World Wide Entertainment's request. He finally terminated his employment in mid-February 1992. However, the Plaintiff returned to Kicks on two subsequent occasions to "fill in" as the disc jockey. After leaving Kicks, the Plaintiff found employment in March 1992 with Lifestyles Carpets.

In his complaint, the Plaintiff alleged that the Defendants violated the Tennessee Human Rights Act by denying black patrons the full and equal enjoyment of the bar's goods, services, facilities and accommodations. He further alleged that the Defendants demanded that he engage in such discriminating tactics and that the Defendants' interference with his ability to comply with the provisions of the Tennessee Human Rights Act amounted to a constructive discharge. Finally, the Plaintiff alleged that the Defendants engaged in malicious harassment in trying to force the Plaintiff to discourage black patronage.

Upon entry of summary judgment for the Defendants, the Plaintiff perfected this appeal. He appeals the entry of summary judgment as to the first two allegations outlined above. He does not appeal dismissal of the malicious harassment claim

The Tennessee Supreme Court, in Byrd v. Hall, 847 S.W.2d 208 (Tenn.1993), set forth the proper summary judgment analysis to be applied in Tennessee. There, the Court said in evaluating a summary judgment motion, these questions must be

4

resolved: (1) whether a *factual* dispute exists; (2) whether the dispute is *material* to the outcome of the case; and (3) whether the disputed fact creates a *genuine* issue for trial.

Byrd further explains that summary judgment should be employed where there is no dispute over the evidence and there is no issue for a jury to decide. For a party to avoid summary judgment, it must show that the fact in dispute is material. If such a disputed, material fact does exist, then the court must determine whether the disputed fact creates a genuine issue. The test for a genuine issue is whether a reasonable jury could legitimately resolve that fact in favor of one side or the other. If the answer is yes, then summary judgment is inappropriate; if the answer is no, summary judgment is proper because a trial would be pointless. When applying this test, all evidence must be viewed in a light favorable to the non-moving party and allow all reasonable inferences in his favor. The party seeking summary judgment has the burden to demonstrate that there are no disputed, material facts creating a genuine issue for trial and that summary judgment is appropriate.

The Plaintiff presents two main issues on appeal: (1) the Trial Court erred when it found no violation of the Tennessee Human Rights Act, and (2) the Trial Court erred by concluding that the Plaintiff had not been constructively discharged from his position.

5

In his first argument, the Plaintiff alleges that the Defendants violated T.C.A. 4-21-301 of the Tennessee Human Rights Act which states:

> It is a discriminatory practice for a person or for two (2) or more persons to:
>
> . . . .
>
> (2) Aid, abet, incite, compel or command a person to engage in any of the acts or practices declared discriminatory by this chapter;
>
> . . . .
>
> (4) Willfully obstruct or prevent a person from complying with the provisions of this chapter or an order issued thereunder.

T.C.A. 4-21-501 further states that it is a

> discriminatory practice for a person to deny an individual the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of a place of public accommodation, resort or amusement, as defined in this chapter, on the grounds of race, creed, color, religion, sex, age or national origin.

The Plaintiff asserts that his being instructed to change the music selection was forcing him to participate in a practice declared discriminatory in 4-21-501 and thus, prohibited by 4-21-301. The Plaintiff alleges that the change in music was an attempt to discourage black patronage and as such fits within the statutory definition of prohibited discriminatory practices. Quite obviously, the Plaintiff cannot maintain a direct claim under 4-21-501 since he makes no allegation that any

6

discrimination was directed at him. Instead, the Plaintiff bases his claim on an allegation of forced participation in a discriminatory practice.

We cannot agree that such is the case. We agree with the Trial Court that the Plaintiff failed to demonstrate that changing the music selection in a lounge is a discriminatory practice as outlined in the above statute. As the Trial Court noted, the change of music affected all of the lounge's patrons. All patrons were equally subjected to the change and all could then assess how the change affected their desires to remain in the lounge. We cannot accept the Plaintiff's assertion that changing the music selection amounts to a denial of the full and equal enjoyment of the lounge. Thus, there being no discriminatory practice, the Plaintiff cannot maintain a claim under 4-21-301. By being instructed to change the music selection the Plaintiff has not been forced to participate in a discriminatory practice that is prohibited by 4-21-301.

We do not reach the question of whether the other alleged discriminatory behavior by Mr. Johnson amounts to acts prohibited by the statute because it appears that the Plaintiff had no role in furthering the alleged discrimination tactics. The ad hoc dress code, the cover charge, the change of beers, and the other allegations of discrimination were not practices that the Plaintiff was forced to carry out. The Plaintiff may have

7

been forced to change the music selection, but this is not sufficient to bring a claim under 4-21-301.

The Plaintiff's second basis for appeal is the Trial Court's conclusion that the Plaintiff was not constructively discharged from his job. The Plaintiff alleges that the Defendants' behavior and alleged violations of T.H.R.A. caused him to be constructively discharged. Constructive discharge exists where working conditions were so difficult or so unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign. Campbell v. Florida Steel Corp. 919 S.W.2d 26 (Tenn. 1996), *quoting* Bruhwiler v. University of Tennessee, 859 F.2d 419 (6th Cir. 1988). In order for an employee to prevail, he must show that "a reasonable employer would have foreseen the employee's resignation, given the intolerable conditions of employment." Campbell, supra. In other words, the employee need only demonstrate that the employer knowingly permitted conditions of discrimination in employment so intolerable that a reasonable person subjected to them would resign. The question of constructive discharge requires an application of law to facts and thus, the standard of review is that in Rule 13(d) of the Tennessee Rules of Appellate Procedure, where findings of law shall be de novo upon the record and findings of fact shall be afforded a presumption of correctness.

Because this case comes to this Court after an award of summary judgment, there were no findings of fact. However, as

8

did the Trial Court, we must look at the facts in the light most favorable to the Plaintiff. We must accept as true that Bobby Johnson, manager of Kicks, told the Plaintiff to change the music selection in order to discourage black patrons from frequenting the establishment. We must also accept the Plaintiff's allegations that Mr. Johnson made other attempts to further discriminate against black patrons. Even so, we cannot find a claim for constructive discharge. First, the Plaintiff failed to show that Mr. Johnson could have reasonably foreseen the Plaintiff's resignation. Mr. Johnson's alleged discriminatory behavior had a foreseeable consequence of discouraging black patronage, but it was not foreseeable that Mr. Johnson's behavior would result in the Plaintiff's resignation. Second, the Plaintiff does not allege any discrimination directed at him by Mr. Johnson. The existence of discrimination toward the employee is an integral element of a constructive discharge claim. <u>See Campbell</u>. Third, the Plaintiff failed to show how his employment was so intolerable that a reasonable person would resign. The Plaintiff remained the disc jockey at Kicks for one month and seven days after he tendered his resignation. Additionally, he returned to Kicks as a substitute disc jockey on an occasion in April and in May of 1992.

Applying these facts to the law, there can be no claim for constructive discharge. The Plaintiff did not meet the minimum requirements for such a claim. The Plaintiff failed to show that his resigning his job was the reasonably foreseeable

9

result of Mr. Johnson's discriminating behavior toward black patrons. The Plaintiff further failed to show the conditions of his employment were so intolerable that a reasonable person would feel compelled to resign.

Thus, we agree with the Trial Court that summary judgment is appropriate in this case. In the Defendants' brief, it is argued that the Trial Court was incorrect in finding that the statute of limitations had not run on this matter. Because our conclusion is that summary judgment was properly awarded, the matter of the statute of limitations is pretermitted.

In conclusion, we emphasize that we do not condone the acts alleged, which we find to be reprehensible, but find that the Plaintiff's theories of recovery may not be sustained under the facts divulged.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for collection of costs below. Costs of appeal are adjudged against the Plaintiff and his sureties.

_____
Houston M Goddard, P.J.

CONCUR:

10

_____
Don T. McMurray, J.


_____
William H. Inman, Sr.J.